CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BRIAN MICKO YEARY,** | )<br>) |
| Petitioner, | )<br>) Case No. 7:22CV00447 |
| v. | )<br>) **OPINION** |
| **STREEVAL, WARDEN,** | )<br>) JUDGE JAMES P. JONES |
| Respondent. | )<br>) |

*Brian Micko Yeary*, Pro Se Petitioner; *Jennifer R. Bockhorst, Assistant United States Attorney*, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Respondent.

Brian Micko Yeary, a federal inmate proceeding pro se, filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 while he was incarcerated in this judicial district. Yeary contends that the court should revisit his convictions and sentences based on post-conviction court decisions reinterpreting the statute under which he was convicted. In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court held that such post-conviction changes to statutory interpretation do not provide grounds to challenge a conviction or sentence in a § 2241 petition. Therefore, I will grant the respondent's Motion to Dismiss.

I.

In 2011, a jury in the United States District Court for the Southern District of Florida found Yeary guilty of fifteen counts of federal criminal violations, including conspiracy to possess with intent to distribute cocaine and other controlled substances, four counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and five counts of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The trial court sentenced Yeary to 1092 months in prison, and the court of appeals affirmed his convictions and sentences. *United States v. Yeary*, 740 F.3d 569 (11th Cir. 2014), *cert. denied*, 574 U.S. 1123 (2015). In 2016, Yeary filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The sentencing court denied relief. *Yeary v. United States*, No. 16-80128-CIV-MARRA/WHITE, 2018 WL 10647239 (S.D. Fla. Jan. 30, 2018).

In his present § 2241 petition, Yeary seeks vacatur of his convictions and sentences. He argues that he is actually innocent of some offenses because the substances involved have since been decriminalized; that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019); that he was improperly denied a reduction in sentence under the First Step Act and *Concepcion v. United States*, 597 U.S. 481 (2022); and that his drug trafficking offenses no longer qualify as offenses under 18 U.S.C. § 924(c).

This court stayed Yeary's case pending the Supreme Court's decision in *Hendrix*. Order, ECF No. 7 (Aug. 17, 2022). Once the Supreme Court had issued its decision, the respondent filed a Motion to Dismiss. Although the court notified Yeary of his opportunity to respond to the motion, Notice, ECF No. 9 (July 25, 2023), the court has received no response, and the time allotted for a response has elapsed. The motion is thus ripe for consideration.

II.

In the *Hendrix* case, the Supreme Court addressed the question of whether the "limitation on second or successive motions makes § 2255 'inadequate or ineffective' such that the prisoner may proceed" under § 2241 with a claim based on favorable, post-conviction statutory interpretation. 599 U.S. at 470. The Court held that it does not. *Id.* Specifically, the Court held that "the saving clause does not authorize . . . an end-run around" the "two — and only two — conditions in which a second or successive § 2255 may proceed" as described in § 2255(h). *Id.* at 477. Instead, the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478. The Court expressly held that "[t]he inability of a prisoner with a statutory claim to satisfy [the] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he

cannot bring it at all.  Congress has chosen finality over error correction in his case." *Id.* at 480.

The proper avenue by which to pursue Yeary's post-conviction challenges to his convictions and sentences was to file a § 2255 motion, but his past attempt at relief under § 2255 was unsuccessful.  The mere fact that his present claims do not satisfy either of the requirements under § 2255(h) for filing a second or successive § 2255 motion does not make § 2255 inadequate or ineffective such that he may proceed with those claims under § 2241 instead.  Nor does Yeary identify any "unusual circumstances" that make it "impossible or impracticable for [him] to seek relief from the sentencing court."  *Id.* at 474.  Consequently, I lack jurisdiction over Yeary's § 2241 petition.

### III.

For the reasons stated herein, I will grant the respondent's Motion to Dismiss and dismiss the § 2241 petition for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED:  May 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge